IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRENDA D. WILLIAMS, )
)
       Plaintiff, )
)
v. ) Case No. CIV-15-1241-F
)
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
)
       Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff, Brenda D. Williams, seeks judicial review of the Social Security Administration's denial of disability insurance and supplemental security income benefits. This matter has been referred by United States District Judge Stephen P. Friot for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be affirmed.

**I.    Procedural Background**

On August 10, 2012, Plaintiff protectively filed an application for disability insurance benefits. AR 87. She protectively filed for supplemental security income benefits on October 18, 2012. *Id*. Plaintiff alleged a disability beginning June 17, 2012, caused by a brain lesion, fibromyalgia, depression, osteoarthritis, IBS and failing motor skills. AR 87; 162. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 160, 161; 190, 191. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated October 24, 2014. AR 84-107. The Appeals Council denied Plaintiff's request for review. AR 1-7. Thus, the decision of the ALJ became the final decision of the Commissioner and is the subject of this judicial review.

## II.     The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluations process); *see also* 20 C.F.R. §§ 404.1520; 416.920. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date, June 17, 2012. AR 89.

At step two, the ALJ determined Plaintiff's only severe impairment is fibromyalgia. AR 90. At step three, the ALJ found Plaintiff's impairment does not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 103.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding she could perform light work with the following physical limitations:

> [T]he claimant can only: frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; occasionally climb ropes, ladders, or scaffolds; must avoid concentrated exposure to extreme cold, i.e., temperatures of less than 40 degrees; and must avoid concentrated exposure to workplace hazards, such as dangerous moving machinery and unprotected heights.

*Id.*

At step four, based on the testimony of a vocational expert (VE), the ALJ found Plaintiff capable of performing her past relevant work as "Hotel Housekeeper," defined in the Dictionary of Occupational Titles (DOT) as unskilled, light work with an SVP of 2. AR 106. The ALJ concluded Plaintiff was not disabled for purposes of the Social Security Act. AR 106-107.

## III.    Issues Presented for Judicial Review

Plaintiff raises the following issues for judicial review: (1) the ALJ committed reversible legal error by failing to find her mental impairments to be "severe" at step two and by failing to include any work-related limitations attributable to her alleged mental impairments in the RFC;

2

and (2) the ALJ erred by failing to find her knee impairment was a "medically determinable impairment" and/or a "severe impairment" within the meaning of the regulations.

IV.     **Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

V.      **Analysis**

   A.   **Mental Impairments**

Plaintiff contends the ALJ erred in failing to find her mental impairments "severe" at step two of the sequential evaluation and in failing to include functional limitations from her allegedly "severe" mental impairments in the RFC. As discussed in further detail below,

Plaintiff's challenge to the ALJ's step-two finding is without merit. Moreover, the ALJ's RFC determination is supported by substantial evidence.

The Tenth Circuit recently held that an ALJ did not err, "as a matter of law," in failing to find an alleged impairment "severe" at step two of the sequential evaluation where "the ALJ finds that at least one other impairment is severe" and where the ALJ "discussed and considered [the other alleged impairment] in assessing [the claimant's] RFC to work." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). The Tenth Circuit explained the holding as follows:

> A claimant must make only a *de minimis* showing to advance beyond step two. *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004). To that end, a claimant need only establish, and an ALJ need only find, one severe impairment. *See Oldham v. Astrue*, 509 F.3d 1254, 1256–57 (10th Cir. 2007) (noting that, for step two, the ALJ explicitly found that the claimant "suffered from severe impairments," which "was all the ALJ was required to do"). The reason is grounded in the Commissioner's regulation describing step two, which states: "If you do not have a severe medically determinable physical or mental impairment ... or a combination of impairments that is severe ..., we will find that you are not disabled." 20 C.F.R. § 404.1520(a)(4)(ii) (emphasis added). By its plain terms, the regulation requires a claimant to show only "*a* severe" impairment—that is, one severe impairment—to avoid a denial of benefits at step two. *Id.* (emphasis added). As long as the ALJ finds one severe impairment, the ALJ may not deny benefits at step two but must proceed to the next step. Thus, the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe.

*Id.*

Thus, under *Allman*, the ALJ's failure to deem Plaintiff's alleged mental impairments as "severe" at step two of the sequential evaluation is not error, as a matter of law.

Moreover, in this case, as in *Allman*, the ALJ discussed and considered the evidence of Plaintiff's alleged mental impairments and concluded Plaintiff had no functional limitations from either cognitive or affective disorders. Thus, the ALJ's mental RFC is supported by substantial evidence in the record.

4

What is more, Plaintiff has not submitted any medical records from an acceptable treating medical source diagnosing or treating a mental impairment. An "acceptable medical source" for opinions regarding a claimant's psychological impairments include, "[l]icensed or certified psychologists." 20 C.F.R. §§ 404.1513(a)(2); 416.913(a)(2). "Only 'acceptable medical sources' can provide evidence to establish the existence of a medically determinable impairment, [20 C.F.R. § 404.1513(a)], only they can provide medical opinions, 20 C.F.R. § 404.1527(a)(2), and only they can be considered 'treating sources.' 20 C.F.R. § 1527(d)." *Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007).

The only record that Plaintiff has ever had any treatment or psychological counseling for mental impairments is a letter dated March 14, 2014, from Frances Hymel, D. Min. (Doctor of Ministry) stating he saw Plaintiff as a client from October 19, 2009, to March 28, 2011, at New Hope Counseling. AR 624.

In the letter, Dr. Hymel stated Plaintiff "presented with a multiplicity of issues[.]" *Id.* In addition to reported physical disorders and separation from her husband, Dr. Hymel stated Plaintiff had anxiety attacks, suicidal ideation and major depression. *Id.* Dr. Hymel offered his opinion that Plaintiff is "both qualified and deserving of receiving social security benefits."

Nothing in the record suggests Dr. Hymel is a "licensed or certified psychologist."[1] As a minister, Dr. Hymel is classified in the regulations among "[o]ther non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy)." 20 C.F.R. §§ 404.1513(d)(4); 416.913(d)(4).

---

[1] Dr. Hymel's signature block indicates he is an "LPC." But a "licensed professional counselor" is not an "acceptable medical source." 20 C.F.R. §§ 404.1502; 404.1513(a); 416.902; 416.913(a). *See also Zumwalt v. Astrue*, 220 Fed. App'x. 770, 780 (10th Cir. 2007) (LPC is not an acceptable medical source).

The ALJ correctly recognized Dr. Hymel as an unacceptable medical source for purposes of diagnosing or establishing a mental impairment. The ALJ considered Dr. Hymel's opinion but gave it minimal weight because Dr. Hymel is not an "acceptable medical source" and because the opinion addressed an issue reserved for the Commissioner. AR 106. *See* 20 C.F.R. §§ 404.1527(d); 416.927(d) (agency is responsible for determining disability; statement by a medical source that a claimant is "disabled" or "unable to work" is a statement about ultimate disability reserved to the Commissioner). Finally, the ALJ considered the fact that Dr. Hymel had last seen Plaintiff over a year before her alleged onset date. AR 106. These factors support the ALJ's decision to reject Dr. Hymel's "diagnosis" and to afford his opinion minimal weight.

The ALJ also considered the opinions of Dr. Stephanie C. Crall, Ph.D., who conducted a consultative mental examination on January 31, 2013, AR 542-545, and the nonexamining agency psychologists who reviewed Plaintiff's case. Dr. Crall observed that Plaintiff was alert, oriented, pleasant and cooperative during the examination. Plaintiff's speech was logical, goal directed and fully intelligible. AR 542. Plaintiff reported limitations allegedly caused by a "brain lesion,"[2] including adversely affected motor skills, speech, memory and organizational skills. *Id.* But Plaintiff apparently did not exhibit any of these cognitive limitations during Dr. Crall's examination.[3] In fact, Dr. Crall's objective testing revealed Plaintiff's functional memory to be intact, her general fund of knowledge to be average, and her judgment unimpaired. AR 544. Despite these benign findings, Dr. Crall diagnosed panic disorder, moderate major depressive disorder, post traumatic stress disorder, and unspecified cognitive disorder. AR 545.

---

[2] In her Disability Report, AR 339-348, Plaintiff reported "brain lesion" as one of her alleged impairments. *Id.* at 339. Plaintiff was referring to medical records from Dr. Manoher L. Gurru. An MRI dated June 15, 2010, found she had "periventricular white matter abnormalities" described as "nonspecific." AR 461. Plaintiff received no other neurological treatment.

[3] In fact, no medical source, including Dr. Gurru, reports observing any of these deficits.

Dr. Crall specifically stated her diagnoses were based on observation and reported symptoms and were limited primarily to affective disorders. With that caveat, Dr. Crall stated her opinion that Plaintiff's "ability to engage in work-related mental activities, such as sustaining attention, understanding, and remembering and to persist at such activities was likely substantially impaired in regard to simple and complex tasks." *Id.* She further opined Plaintiff's "ability to adapt to a competitive work environment was likely substantially impaired." *Id.*

Dr. Stephen Scott, Ph.D., a nonexamining state psychologist, completed a Case Analysis to specifically determine whether Plaintiff could perform simple work, in light of Dr. Crall's opinions regarding Plaintiff's mental impairments. Based on the objective findings in the body of Dr. Crall's report, Dr. Scott found Plaintiff could perform simple work tasks. AR 546. In reaching his opinion, Dr. Scott noted there was "quite a bit of difference between the claimant's ROS [report of symptoms] and the observations and longitudinal history." *Id.* He noted that despite Claimant's reports of confusion, inability to concentrate, and "word-finding problems," Dr. Crall's report demonstrated all of those areas were "intact within normal limits." *Id.* Dr. Scott stated Dr. Crall's conclusions "seem to be based upon the claimant's ROS and certainly are inconsistent with the observed/reported functioning (which is commensurate with semi-skilled or better functioning)." Dr. Scott also noted that even though Plaintiff "does complain of depression and anxiety to her GP," she "receives no psychotropic medication and has never received inpatient MH care." *Id.*

Dr. Scott completed a Mental Residual Functional Capacity Assessment finding Plaintiff was not significantly limited in her ability to carry out simple instructions and was only moderately limited in the ability to maintain attention and concentration for extended periods of time. AR 172-173. Ultimately, Dr. Scott stated Plaintiff could understand, remember and carry

out simple work with routine supervision and could relate to supervision and others on a superficial work basis. AR 173.

Dr. Colleen Ryan completed the initial disability determination on March 8, 2013. AR 162-189. Her assessment is based on a review of the medical records. Dr. Ryan considered Plaintiff's alleged "brain lesion" and resulting cognitive disorder under Listing 12.02, *Organic Mental Disorders*, and determined Plaintiff's condition did not meet either the "B Criteria" or the "C Criteria" of the Listing. AR 167.

Dr. Ryan assessed Plaintiff's affective disorders as secondary, "severe" impairments. Dr. Ryan considered the Listings at 12.04, *Affective Disorders*, and 12.06, "*Anxiety-Related Disorders*. Under the "B Criteria" of these listings, Dr. Ryan found these disorders mildly restricted Plaintiff's activities of daily living, mildly affected her ability to maintain social functioning and moderately affected her ability to maintain concentration, persistence and pace. Dr. Ryan found no evidence of repeated episodes of decompensation. AR 167. Thus, Dr. Ryan concluded Plaintiff's alleged impairments did not meet or equal a Listed impairment.[4]

After a discussion of the medical evidence of record, the ALJ afforded "minimal weight" to the opinions of Dr. Crall, Dr. Scott, and Dr. Ryan to the extent those opinions diagnosed mental impairments and included functional limitations from Plaintiff's alleged mental impairments. AR 105. The ALJ found Plaintiff's own reported activities and abilities demonstrated greater mental capacity than these medical sources found. The weight afforded the opinions of these sources was also based on the ALJ's finding no diagnosis, treatment or examination in the medical records for any mental impairment after January 2013. *Id.* Thus, the ALJ's finding that Plaintiff's alleged mental limitations were not severe is supported by

---

[4] On reconsideration, Dr. Lynette M., Ph.D. assessed Plaintiff's mental impairments and described the same limitations Dr. Scott had found. AR 204-205.

substantial evidence in the record as is his omission of functional mental limitations from the RFC.

**B.     Knee Impairment**

Plaintiff contends the ALJ erred in failing to find a medically determinable knee impairment.

Shortly before the ALJ issued his decision, Plaintiff received treatment for her reported painful right knee. Ultimately, Plaintiff underwent arthroscopic surgery on October 8, 2014, during which the surgeon repaired a degenerative tear of the posterior horn, performed a partial lateral meniscectomy of a tear in the lateral peripheral horn and abrasion chondroplasty underneath the patella. AR 639-642. Post-operative records indicate the surgery improved Plaintiff's right knee function. She was advised to begin gentle range of motion exercises "for full restoration of motion of her right knee[.]" AR 643.

The medical records documenting Plaintiff's arthroscopic surgery were not before the ALJ when he made his decision. These records do not contain a treating physician's opinion as to Plaintiff's limitations, if any, from her right knee. The records consist solely of reports of treatment received. AR 634-644.

The medical records were, however, submitted to the Social Security Appeals Council and made part of the record. Regarding the new evidence, the Appeals Council stated:

> In looking at your case, we considered the additional evidence listed on the enclosed Order of Appeals Council. We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

AR 2.

Where, as here, the Appeals Council has considered new evidence and determined the information does not provide a basis for changing the ALJ's decision, reversal is not warranted. Tenth Circuit case law requires only that the Appeals Council consider properly submitted evidence that is new, material, and temporally relevant. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir.2003); *see* 20 C.F.R. § 404.970(b). "If the Appeals Council fails to consider qualifying new evidence, the case should be remanded for further proceedings." *Threet*, 353 F.3d at 1191. But if, as happened here, the Appeals Council explicitly states that it considered the evidence, there is no error, even if the order denying review includes no further discussion. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207 – 08 (10th Cir. 2006) (noting that analysis of new evidence by the Appeals Council would have been helpful, but was not required); *cf. Threet*, 353 F.3d at 1191 – 92 (reversing and remanding where Appeals Council gave no indication that it considered qualifying new evidence). The Court takes the Appeals Council at its word "when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). Accordingly, the Appeals Council's action does not require reversal.

## VII. Conclusion

In sum, the ALJ's decision should be affirmed. The decision is supported by substantial evidence in the record, and the ALJ did not err as a matter of law.

## RECOMMENDATION

It is recommended that the ALJ's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by December 12, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection

to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 28th day of November, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE